The Honorable Hoye D. Horn State Representative P.O. Box 64 Foreman, AR 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion on the following question:
 Are the County Board members subject to personal liability if they fail to follow the Attorney General's Opinion concerning [the annexation of the Winthrop School District in Little River County to the Horatio School District in Sevier County] according to Section 1 of Act 966 of 1991?
It is my opinion that the answer to this question is "yes." This is not to say, however, that the board members will necessarily incur personal liability if the advisory opinion is not followed. The act does not itself impose liability. Rather, the immunity that would otherwise apply had the opinion been followed will, I believe, be removed in any subsequent cause of action.
Act 966 of 1991 is codified at A.C.A. §§ 6-13-1202—1207 (Cum. Supp. 1991). The personal liability provision is found at A.C.A. § 6-13-1207 (Cum. Supp. 1991). This section prohibits county boards of education from ordering any annexation, consolidation or combination ". . . which hampers, delays or in any manner negatively affects the efforts of the State of Arkansas to assist a district or districts in this state in the desegregation of the public schools of this state." Subsection (b) requires the county board to seek an advisory opinion from the Attorney General concerning the impact of the proposed annexation or consolidation on the state's desegregation efforts. Subsection (d) states:
 Notwithstanding other provisions of state law granting immunity from suit or liability, members of a county board of education which fail to comply with the requirements of this section shall be subject to personal liability for such action.
The "requirements of this section" (§ 6-13-1207(d), supra), clearly include both the requirement that an opinion be sought prior to entry of an order and the requirement that no order be entered that would negatively affect the state's desegregation efforts. Although the act is not explicit in requiring the board to follow the advisory opinion, the requirement that the opinion be sought "prior to the entry of any order hereunder" suggests that the legislature intended for the members to act based upon the advice received. The board is required to seek an opinion from the Attorney General — the chief legal officer of the state, who is presumed to be in a position to advise the board of the state's desegregation efforts. The board is not expected to have independent knowledge of these efforts. It may reasonably be concluded that the legislature intended for the board members' immunity to follow once the advisory opinion is sought, the assumption being that the opinion will be followed. The board could then rely upon the opinion in the event of a challenge to their action. It may similarly be concluded, however, that the grant of immunity will not apply if the opinion is not followed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh